110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marc BURNSTEIN; Michelle Burnstein; Tobe Burnstein; Vicki
Moore; Anthony Ignoffo; James L. Lewis; Inez Ignoffo;
Sal Ignoffo; Kevin Scott; Marilyn Scott; Glennie Arnold;
Joyce Wayman; W.J. Wayman; John F. Miller; Gabrielle
Miller; Patricia Landewehr; Robert Radosevich; Emily
Radosevich; Harley Sauvage; Rita Sauvage; Robert
Westfall; Stanley Ross; Joel Ross; Rebella Ross; Julia
McCurry; Kathleen McCally; Michael Natali; Paul Guenter;
Marie Dressen; Joe McElroy; James Arnold Jr.; Arthur
Norkus; Donna Norkus; Robert Moore, individually and as
Trustee for Oakview Memorial Park; Fran Gibson; Marion
Lunde; Herbert Clough, Trustee; Beryl Miller; Raymond
Wooley; Brittany Natali and Michael Natali Profit Sharing
Plan; Selma Lofgren; Gregory Bachelis, Trustee, Plaintiff-Appellants,
v.
Hildegard GRAVES, Defendant,
and
David A. Self, dba Self, Wah & Overstreet; David A. Self
and Associates, Defendant-Appellees.
 No. 96-15038.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1997.*
Decided March 25, 1997.
 
 Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marc Burnstein and fifty-four other investors (collectively "Burnstein"), who purchased shares in commercial real estate loans made by Del Mar Commerce Company, appeal the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal and grant of summary judgment on their claims against attorneys David A. Self, and his law firm, Self, Wah & Overstreet (collectively "the Attorneys"). We affirm.
 
 A. Dismissal of Securities Fraud Claims
 
 3
 Burnstein alleges that the Attorneys were primary violators of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), because they failed to disclose the material facts of the Sagredos litigation to investors. The federal courts have found section 10(b) liability when corporate insiders used undisclosed information for their own benefit. See Chiarella v. United States, 445 U.S. 222, 229, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980). However, " '[t]he party charged with failing to disclose market information must be under a duty to disclose it.' " Id. at 229, 100 S.Ct. at 1115 (citation omitted); see Central Bank v. First Interstate Bank, 511 U.S. 164, ----, 114 S.Ct. 1439, 1447, 128 L.Ed.2d 119 (1994). Silence in connection with the purchase or sale of securities may operate as fraud under section 10(b), but "such liability is premised upon a duty to disclose arising from a relationship of trust and confidence between the parties to a transaction." Chiarella, 445 U.S. at 230, 100 S.Ct. at 1115. "[T]he parties to an impersonal market transaction owe no duty of disclosure to one another absent a fiduciary or agency relationship, prior dealings, or circumstances such that one party has placed trust and confidence in the other." Paracor Finance v. General Elec. Capital Corp., 96 F.3d 1151, 1157 (9th Cir.1996). Paracor makes it clear that the relationship must be substantial, and one which the plaintiff relies upon. However, there was no relationship of trust and confidence between Burnstein and the Attorneys that would give rise to the duty to disclose the Sagredos litigation. Self was merely a borrower from Del Mar, and the Attorneys merely represented it in litigation. Neither had any relationship with or duty to Burnstein.
 
 
 4
 Similarly, this complete lack of connection precludes Burnstein's claims under California Corporations Code sections 25500 and 25504.1. It is true that those who participate in securities law violations may be liable under section 25500, even without a direct showing of privity in the transaction at issue. See Mirkin v. Wasserman, 5 Cal.4th 1082, 1104, 858 P.2d 568, 581, 23 Cal.Rptr.2d 101, 114 (1993). Again, however, merely being a borrower from an issuer, or representing it in litigation does not indicate participation in the sale of securities by that issuer. Nor does it have any tendency to show that the borrower or the law firm aided and abetted, or intentionally assisted the issuer in its wrongdoing. Thus the section 25504.1 claim fares no better.
 
 
 5
 B. Dismissal of Claims under Unfair Competition Act
 
 
 6
 Burnstein asserts a cause of action for restitution under California's Unfair Competition Act. See Cal.Bus. & Prof.Code § 17200 et seq. Under the statute, any "unlawful," "unfair," or "fraudulent" business act or practice is deemed to be unfair competition. Both injunctive relief and restitution (disgorgement) of money or property wrongfully obtained "by means of unfair competition," are authorized. See Bus. & Prof.Code § 17203; State Farm Fire & Cas. Co. v. Superior Court, 45 Cal.App.4th 1093, 1102, 53 Cal.Rptr.2d 229, 233 (1996). A plaintiff need not demonstrate "ongoing conduct" to state a claim under section 17200. Moreover, the statute authorizes restitutionary relief for past conduct even without the possibility of injunctive relief being involved. See Cal.Bus. & Prof.Code § 17203; Bank of the West v. Superior Court, 2 Cal.4th 1254, 1267, 833 P.2d 545, 553, 10 Cal.Rptr.2d 538, 546 (1992); State Farm, 45 Cal.App.4th at 1102, 53 Cal.Rptr.2d at 233; cf. People v. Toomey, 157 Cal.App.3d 1, 20, 203 Cal.Rptr. 642, 654-55 (1984) (cannot enjoin past acts absent showing that they may recur).
 
 
 7
 While the scope of section 17200 is undoubtedly broad, any fraudulent conduct of Self was directed at Del Mar, not at people with whom Del Mar might later deal. From Self's standpoint, it was Del Mar that gave him money and it was to Del Mar that he promised payment. Any restitution can, and should, be pursued by Del Mar itself. Indeed, any other remedy could result in an unfair preference over other creditors of Del Mar which is, itself, in bankruptcy. In short, Burnstein has sued the wrong person for Del Mar's alleged misdeeds toward him, and is the wrong person to bring suit for Self's alleged misdeeds toward Del Mar.
 
 
 8
 C. Summary Judgment on Professional Negligence and Breach of Fiduciary Duty Claims
 
 
 9
 Burnstein's claims against the Attorneys for professional negligence and breach of fiduciary duty founder on the same rocks as do his other claims. In general, attorneys owe duties to their clients, not to others. See Schick v. Bach, 193 Cal.App.3d 1321, 1329, 238 Cal.Rptr. 902, 907 (1987); In re Complex Asbestos Litig., 232 Cal.App.3d 572, 588, 283 Cal.Rptr. 732, 741 (1991); see also Bily v. Arthur Young & Co., 3 Cal.4th 370, 397, 834 P.2d 745, 761, 11 Cal.Rptr.2d 51, 67 (1992) (discussing accountant's duty to nonclients); Goodman v. Kennedy, 18 Cal.3d 335, 342-43, 556 P.2d 737, 742, 134 Cal.Rptr. 375, 380 (1976) (recognizing exceptions to general rule). Undoubtedly, there are some occasions when an attorney's work is intended to benefit others and in those instances the attorney may be responsible if he breaches his duty of professional care. See Goodman, 18 Cal.3d at 344, 556 P.2d at 743, 134 Cal.Rptr. at 381; Johnson v. Superior Court, 38 Cal.App.4th 463, 470, 45 Cal.Rptr.2d 312, 316 (1995). But even advising a client about securities that the client intends to sell to others will not, by itself, establish liability to those others. See Goodman, 18 Cal.3d at 344, 556 P.2d at 743, 134 Cal.Rptr. at 381; Johnson, 38 Cal.App.4th at 471, 45 Cal.Rptr. at 316. Here, again, Burnstein has not shown that the Attorneys were retained for any purpose other than representing Del Mar in litigation. They were not even employed to give any sort of securities advice, nor did they render any. Similarly, there was simply no fiduciary duty running from the Attorneys to Burnstein. Cf. Pierce v. Lyman, 1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236, 240 (1991); Morales v. Field, DeGoff, Huppert & MacGowan, 99 Cal.App.3d 307, 316, 160 Cal.Rptr. 239, 244 (1979).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3